(R.D. 11575)

CHADWICK-MILLER IMPORTERS, INC. v. UNITED STATES

Entry No. 5330, etc.

(Decided September 5, 1968)

*Barnes, Richardson & Colburn* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

RAO, Chief Judge: The appeals for reappraisement, listed in the attached schedule A, have been submitted for decision upon a written stipulation of counsel for the respective parties hereto which reads as follows:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the Court, as follows:

(1) That the appeals for reappraisement enumerated in Schedule "A" attached hereto and made a part hereof are limited to merchan-

dise exported from Japan and are abandoned as to all other merchandise.

(2) That as so limited, the merchandise covered by the appeals enumerated in said Schedule "A" consists of sundry and novelty items exported from Japan; that the said merchandise was entered or withdrawn from warehouse for consumption after the effective date (February 27, 1958) of Section 6(a) of the Customs Simplification Act of 1956; that the said merchandise is not identified on the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act (T.D. 54521); that the merchandise was appraised under statutory export value as defined in Section 402(b), Tariff Act of 1930 as amended by the Customs Simplification Act; that neither party challenges the said basis of appraisement.

(3) That the merchandise, the fact and the issues are similar in all material respects to those involved in *United States* v. *Chadwick-Miller Importers, Inc., et al.*, C.A.D. 914; that the record in the said cited case may be incorporated herein.

(4) That on or about the dates of exportation, the prices at which such or similar merchandise was freely sold or offered for sale in the principal markets in the country of exportation, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit ex-factory prices, net packed.

(5) That the appeals enumerated in said Schedule "A" attached may be submitted for decision upon this stipulation and the incorporated record.

Upon the agreed statement of facts and the cited authority, I find export value as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, to be the proper basis for the determination of the value of the sundry and novelty items here involved and that such values are the invoice unit ex-factory prices, net packed.

Judgment will be entered accordingly.